# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK**

---------------------------------------------------------------X
:
**CHINA GRILL INC.,**                    **SUMMONS**
:
            **Plaintiff,**     Index No. _____
:
  -v-
:                                        Date Index No. purchased
**ADP, LLC,**                            **March 28, 2019**
:
            **Defendant.**
:
---------------------------------------------------------------X

| | |
|---|---|
| To:  ADP, LLC<br>1 ADP Boulevard<br>Roseland, NJ 07068 | Kelley Drye & Warren LLP<br>101 Park Ave<br>New York, NY 10178<br>c/o William Gyves |

To the Person(s) Named as Defendant(s) above:

    PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to appear in this action by serving a copy of your answering papers on Plaintiff's attorneys at the address set forth below, and to do so within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer or appear, a judgment will be entered against you by default.

Dated: New York, New York
March 28, 2019

        KRAUS & ZUCHLEWSKI LLP

By: *Robert D. Kraus*
  Robert D. Kraus
  One Grand Central Place
  60 East 42nd Street, Suite 2534
  New York, New York 10165
  212-869-4646
  rk@kzlaw.net

  *Attorneys for Plaintiff*

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
-------------------------------------------------------------------X
                                                           :

**CHINA GRILL INC.,**                             Index No. _____

                   **Plaintiff,**

          -v-                                 **COMPLAINT**

**ADP, LLC,**

                   **Defendant.**
-------------------------------------------------------------------X

Plaintiff China Grill Inc. ("China Grill"), by and through its undersigned counsel, Kraus & Zuchlewski LLP, upon personal knowledge as to its own acts and status and upon information and belief as to all others, as and for its Complaint against Defendant ADP, LLC ("ADP"), respectfully alleges as follows:

## INTRODUCTION

1. This is an action arising out of ADP's breach of a contract based on its reckless and grossly negligent provision of critical payroll services for the employees of China Grill and its affiliates. ADP discharged its payroll services in an improper and haphazard manner, with reckless and wanton disregard for the effect on China Grill, its affiliates' and their employees, and its services failed to comply with existing wage and hour laws. Among other things, ADP failed to properly process the payroll for China Grill and its affiliates' employees and ultimately provided paychecks that failed to include information required by New York's Wage Theft Protection Act, NYLL § 195 ("WTPA").

2. As a result of ADP's willful and reckless failure to perform the agreed-upon payroll services in conformance with the WTPA and other applicable wage and hour laws, Plaintiff has suffered substantial liability.

3. China Grill has requested on numerous occasions that ADP admit responsibility for its grossly negligent provision of payroll services and that it provide appropriate recompense, but ADP fails and refuses to acknowledge the harm caused by its willful and reckless conduct. As such, China Grill is now compelled to bring this lawsuit.

## THE PARTIES

4. China Grill is a New York corporation with a principal place of business located in the State of New York, County of New York.

5. ADP is a Delaware limited liability company with its principal place of business located at One ADP Boulevard, Roseland, New Jersey 07068.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court under New York Civil Practice Law and Rules ("CPLR"), Sections 301 and 302 because Plaintiff is located in the State of New York, County of New York, and Defendant transacts business and supplies services in New York and has committed wrongful acts within New York.

7. Venue is proper in New York County pursuant to CPLR § 503; this action arose, in substantial part, within New York County.

## FACTS

Background

8. During the relevant period, China Grill and its affiliated entities have owned and operated over 30 restaurants and bars worldwide with locations in New York City, Miami, Ft. Lauderdale, Atlantic City, Chicago, Las Vegas, Los Angeles, London and Mexico City.

2

9. As is typical for restaurants and bars, China Grill and its affiliates employ numerous tipped employees, including servers, server assistants, food runners, bartenders, barbacks, busboys and other tipped employees.

10. Seeking to ensure that each of China Grill and its affiliated employees received compensation in full compliance with all applicable federal and state laws, Plaintiff sought to engage a company that specialized in providing payroll processing services.

11. In or about early 2005, China Grill entered into discussions with ADP, which advertised itself as a provider of payroll services with unique expertise in the provision of such services.

12. ADP is a large payroll processing company that promotes its expertise in providing payroll services that assure its clients remain compliant with wage and hour laws.

13. According to ADP's website, "ADP stays on top of changing rules and regulations — to help keep you compliant and protect you from potential fines and penalties."

China Grill and ADP Enter into an Agreement
Regarding the Provision of Compliant Payroll Services

14. On or about March 1, 2005, China Grill entered into a National Account Services – Master Services Agreement with ADP (as amended, the "Agreement").

15. Under the Agreement, ADP agreed to provide payroll services covering all employees of China Grill and its designated affiliates. The services included but were not limited to new hire reporting, preparing and delivering pay statements, providing direct deposit services, preparing management reports, performing wage calculations, and remitting payroll taxes, all in compliance with applicable law.

3

16. During the period when ADP provided payroll services to China Grill and its affiliates, ADP represented that its payroll services would comply with applicable wage and hour laws.

17. As China Grill was to discover, ADP's representations were untrue and ADP failed to provide payroll services that complied with applicable wage and hour laws, as ADP knew or should have known.

The Passage of the Wage Theft Protection Act

18. On December 10, 2010, New York State enacted the WTPA, which became effective on April 9, 2011. The WTPA generally required that employers provide certain information in statements to be given to employees at the time of hire and with their regular pay.

19. In March 2011, ADP sent a letter entitled "ADP Tax Bulletin" to China Grill informing it of this change.

20. The notice reads in relevant parts:

> The WTPA contains additional requirements for employers regarding statements to the employees at the time of hire…information required on pay statements, and record keeping requirements. As part of this Act, employers must furnish each employee with a pay statement with every payment of wages that contains the following information:
>
> - Dates of work covered by that payment of wages – the pay period beginning date now displays on employees pay statements
> - Rate of pay and basis (e.g. per hour, day, salary, etc.)
> - Gross wages
> - Deductions
> - Allowances, if any, claimed as part of the minimum wage – ***ADP will implement printing Tip Credits on your pay statement*** if your company has blocked the display
> - Net wages
> - Name of the employee
> - Name of the employer
> - Address and phone number of employer (emphasis added)

4

21. The notice asked China Grill to review limited information to assist in updating the pay statements:

> *In order to ensure compliance*, we need your confirmation regarding the following information:
>
> Step 1: Review your pay statements
>
> a. Does your company name appear on the pay statement correctly?
> b. Does your company's full address appear on the pay statement correctly?
> c. Does your company telephone number appear on the pay statement correctly? (emphasis added)

22. ADP informed China Grill:

> If after your review of the information, ADP has the correct company name, address and telephone number, *no further action is required.* (emphasis added)

23. China Grill followed the instructions in ADP's Bulletin, confirmed that its names, addresses and phone numbers were correct, and relied on ADP's representation that no further action was necessary to ensure compliance.

24. On numerous occasions after March 2011, ADP assured China Grill that the payroll services they were providing, including calculating wages and preparing wage and other statements, were compliant with the WTPA and other applicable wage and hour laws.

<u>Plaintiff Learns that ADP Breached the Agreement Through its Reckless and Grossly Negligent Providing of Payroll Services to China Grill</u>

25. On January 18, 2018, a class and collective action lawsuit was filed against China Grill and its various affiliated entities (the "Complaint").

26. The Complaint alleged that China Grill had violated the WTPA and other wage and hour laws and that certain China Grill and its affiliates' employees had not received correct pay statements, nor been paid the correct wages.

27. More specifically, the Complaint alleged, among other things, that China Grill had:

5

(a) failed to provide accurate and compliant wage statements with each payment of wages in violation of the WTPA;

(b) failed to provide proper notice of gross wages;

(c) failed to provide proper notice of the tip credit under the WTPA;

(d) failure to provide proper wage statements clearly indicating the tip credit allowance as an approved deduction for each pay period; and

(e) failed to provide the proper rate of overtime and regular rate of pay on wage statements.

28. China Grill was shocked to receive this Complaint. Up until this time, China Grill believed, and had been told, that ADP's payroll services complied with existing law and were otherwise adequately performed. However, most of the items for which the Complaint sought to hold China Grill liable were items for which ADP was responsible for, including but not limited to: (1) the calculation of employee overtime and (2) issuing of correct wage notices and pay statements. As such, upon receipt of the Complaint, China Grill began internally investigating ADP's provisions of the payroll services.

29. China Grill's investigation demonstrated that not only did ADP fail to comply with governing law, but that its actions were willful and reckless.

30. For example, after analyzing the pay stubs for the named Plaintiffs in the Compliant, China Grill learned that an overwhelming number of pay statements did not contain information in compliance with the WTPA. The issues on the statements included: (1) gross wages rates were not properly disclosed; (2) overtime rates were not properly disclosed; (3) "Spread of Hour" and "Call in Pay" wages were displayed incorrectly; (4) tip credit calculations were incorrect; (5) tip

6

credits were not properly shown as a deduction; and (5) tipped wages were displayed incorrectly and/or calculated improperly.

31. For example:

    a. Of the 755 individual pay stubs (i.e. all of the pay stubs issued for the 4 named NY Class Action members), 737 incorrectly set out the applicable wage rate;

    b. Of the 736 pay stubs issued for tipped wages, 100% failed to properly set out the tip credit allowance;

    c. Of the 734 pay stubs with tip credit calculations, 65 were incorrect;

    d. Of the 179 pay stubs with overtime, 100% of the overtime rates were not properly disclosed;

    e. Of the 389 pay stubs with "Spread of Hours" wages, 100% were not properly set out; and

    f. Of the 16 pay stubs with "Call in Pay" wages, 100% were not property set out.

32. Not only were the pay stubs issued by ADP not compliant with the WTPA, after analyzing the pay stubs for the named Plaintiffs in the Compliant, China Grill determined that ADP failed to pay overtime wages in accordance with applicable law. For example, of the 179 pay stubs showing overtime wages, 38 were incorrect.

33. Further, ADP did not appear to make any effort to conform the wage statements provided to China Grill's employees to governing law. Indeed, the wage statements failed to comply with the WTPA in several material respects.

34. Under the WTPA, an employer who fails to provide a compliant wage statement to an employee along with his or her wages is subject to liability of $250 per week up to $5,000 per employee.

7

35. In addition, under the WTPA and applicable law, an employer who fails to properly comply with the WTPA is prohibited from taking a deduction for the tip credit allowance. As the wage statements issued by ADP failed to properly set out the tip credit deduction in 736 of the 755 pay stubs issued to the named Plaintiffs in the Complaint, China Grill and its affiliates would be liable for significant back wages and damages under the WTPA.

36. As such, China Grill concluded that ADP not only had breached the Agreement to ensure that its payroll services complied with all legal and regulatory requirements, but that ADP had been shockingly reckless and grossly negligent.

37. Plaintiff informed ADP of the claims in the Complaint and demanded that ADP compensate it for any liability on the grounds that under the Agreement and at law, ADP was ultimately responsible for: (a) the material noncompliance of its services with legal and regulatory requirements, and/or (b) the grossly negligent provision of its payroll services. ADP refused to compensate China Grill.

38. Ultimately, China Grill settled the claims in the Complaint and will be required to pay a substantial amount on account of ADP's errors and grossly negligent and reckless failure to properly calculate wages and provide statements that comply with the WTPA.

39. Under the settlement, 80% was allocated to WTPA violations.

40. China Grill has demanded that ADP reimburse it for the portion of the settlement payments attributed to ADP's wrongdoing.

41. As of the date of this Complaint, ADP has refused to indemnify China Grill for any of this amount.

8

## AS AND FOR A FIRST CAUSE OF ACTION
### (Willful Breach of Contract)

42. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 41 as if fully set forth herein.

43. The Agreement constitutes a valid and enforceable contract between China Grill and ADP.

44. China Grill has fulfilled all of its obligations under the terms of the Agreement.

45. ADP has breached the Agreement by failing to provide the agreed upon services in compliance with applicable legal and regulatory requirements.

46. Specifically, ADP has willfully:

    (a) calculated employee overtime and other amounts incorrectly, leading to errors in the calculation of employee paychecks;

    (b) failed to provide the proper rate of overtime and regular rate of pay on wage statements;

    (c) issued incorrect wage notices and statements that are in violation of the WTPA;

    (d) failed to provide proper notice of the tip credit under the WTPA; and

    (e) failure to provide proper wage statements clearly indicating the tip credit allowance for each pay period.

47. ADP's breaches resulted from their reckless misconduct or gross negligence.

48. As a result of ADP's breaches of the Agreement, China Grill has been damaged in an amount to be determined at trial, but estimated to be at least Two Million Dollars.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Gross Negligence)

49. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 48 as if fully set forth herein.

50. At all relevant times, ADP owed a duty to Plaintiff to provide payroll services that would comply with all legal and regulatory requirements.

51. ADP breached its duty to Plaintiff by, among other things, recklessly and wantonly:

   (a) calculated employee overtime and other amounts incorrectly, leading to errors in the calculation of employee paychecks;

   (b) failed to provide the proper rate of overtime and regular rate of pay on wage statements;

   (c) issued incorrect wage notices and statements that are in violation of the WTPA;

   (d) failed to provide proper notice of the tip credit under the WTPA; and

   (e) failure to provide proper wage statements clearly indicating the tip credit allowance for each pay period.

52. In breaching its duty to Plaintiffs, ADP failed to exercise even slight care or slight diligence, as evidenced by the extensiveness of claims brought against China Grill.

53. As a result of ADP's gross negligence, Plaintiff has been damaged in an amount to be determined at trial, but estimated to be at least Two Million Dollars.

54. Because ADP's conduct has been willful and wanton, Plaintiff is also entitled to punitive damages in an amount to be determined at trial.

10

FILED: NEW YORK COUNTY CLERK 03/28/2019 11:41 AM
NYSCEF DOC. NO. 1

INDEX NO. 651818/2019
RECEIVED NYSCEF: 03/28/2019

Case 1:19-cv-03705-DLC   Document 1-1   Filed 04/25/19   Page 14 of 15

## AS AND FOR A THIRD CAUSE OF ACTION
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

55. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 54 as if fully set forth herein.

56. China Grill and ADP are parties to the Agreement.

57. The express purpose of the Agreement is for ADP to provide payroll services to China Grill and its affiliated entities.

58. China Grill had a full expectation that the contracted-for-services would be in full compliance with applicable law.

59. By recklessly and wantonly providing services to China Grill that were not in compliance with applicable law. ADP has breached the implied covenant of good faith and fair dealing that is inherent in every contract.

60. As a result of ADP's breach of the implied covenant of good faith and fair dealing, Plaintiff has been damaged in an amount to be determined at trial, but estimated to be at least Two Million Dollars.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff China Grill Management respectfully requests that this Court grant the following relief:

A.  on its First Cause of Action, compensatory damages in an amount to be determined at trial, but estimated to be at least Two Million Dollars;

B.  on its Second Cause of Action, compensatory damages in an amount to be determined at trial but estimated to be at least Two Million Dollars, plus punitive damages in an amount to be determined at trial;

C.  on its Third Cause of Action, compensatory damages in an amount to be

11

determined at trial but estimated to be at least Two Million Dollars; and

D. all of the foregoing together with such other and further relief as to which Plaintiff may be entitled, including reasonable attorneys' fees, costs and disbursements, and such other relief as the Court may deem just and equitable.

Dated: New York, New York
March 28, 2019

                                Yours, etc.

                                KRAUS & ZUCHLEWSKI LLP

                                By: *Robert D. Kraus*
                                    Robert D. Kraus, Esq.
                                    Desiree J. Gustafson, Esq.
                                    60 East 42nd Street, Suite 2534
                                    New York, New York 10165
                                    212-869-4646
                                    rk@kzlaw.net
                                    dg@kzlaw.net
                                    *Counsel to Plaintiff*

To: ADP, LLC
     1 ADP Boulevard
     Roseland, NJ 07068

     William Gyves
     Kelley Drye & Warren LLP
     101 Park Ave
     New York, NY 10178