# EXHIBIT AA

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

CHINA GRILL, INC.,

Plaintiff,

-against-

ADP, LLC,

Defendant.

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

19 Civ. 3705 (DLC)

-------------------------------------------------------------------x

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Civil Rules for the Southern District of New York, Plaintiff responds and objects to Defendant's First Set of Interrogatories as follows:

## GENERAL STATEMENT

1.      By responding to any request, Plaintiff does not concede the materiality of the subject to which it refers. Plaintiff's responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.      Plaintiff objects to this Interrogatory to the extent that it demands information which is protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.

3.      Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Plaintiff's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4.      Plaintiff objects in the entirety to any request for information or production from entities not represented by Kraus & Zuchlewski LLP.

5.      Plaintiff are continuing to search for information responsive to plaintiff's requests and therefore reserves the right to supplement its response to each request with additional information, if and when such information becomes available to defendants' counsel.  Plaintiff's also reserve the right to object to the future disclosure of any such information.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all persons with knowledge of facts concerning the negotiation and/or drafting of the MSA.

### OBJECTION AND RESPONSE TO INTERROGATORY NO. 1:

Plaintiff objects to this interrogatory on the grounds that it that the phrase "all persons" is overbroad to the extent it seeks information that may uniquely be in defendant's possession.

Notwithstanding this objection, and construing this request to seek the identity of individuals currently and/or formerly employed by Plaintiff who may possess information or

knowledge concerning the facts and circumstances concerning the negotiation and/or drafting

of the MSA, Plaintiff identifies the following individuals:

1. John Polsenberg
2. Neil Faggen
3. Jeffrey Chodorow
4. Yudy De la Nez

**INTERROGATORY NO. 2:**

Identify all persons employed by or otherwise affiliated with China Grill who have knowledge of facts concerning the parties' obligations under the MSA.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects to this interrogatory on the grounds that it that the phrase "all persons"

is overbroad to the extent it seeks information that may uniquely be in defendant's possession.

Notwithstanding this objection, and construing this request to seek the identity of

individuals currently and/or formerly employed by Plaintiff who may possess information or

knowledge concerning the facts and circumstances concerning the parties obligations under the

MSA, Plaintiff identifies the following individuals:

1. John Polsenberg
2. Jack Polsenberg
3. Neil Faggen
4. Jeffrey Chodorow
5. Yudy De la Nez
6. Yashie Vindell
7. Bob Frost
8. Cory Gonzales
9. Donna Pell

**INTERROGATORY NO. 3:**

Identify all persons employed by or otherwise affiliated with China Grill who have knowledge of facts concerning the parties' performance under the MSA.

3

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff objects to this interrogatory on the grounds that it that the phrase "all persons" is overbroad to the extent it seeks information that may uniquely be in defendant's possession.

Notwithstanding this objection, and construing this request to seek the identity of individuals currently and/or formerly employed by Plaintiff who may possess information or knowledge concerning parties performance under the MSA, Plaintiff identifies the following individuals:

1. John Polsenberg
2. Neil Faggen
3. Jeffrey Chodorow
4. Zach Chodorow
5. Yudy De la Nez
6. Yashie Vindell
7. Bob Frost
8. Cory Gonzales
9. Donna Pell

**INTERROGATORY NO. 4:**

Identify the payroll processing vendor(s) You had engaged prior to the execution of the MSA with ADP.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects to this interrogatory on the grounds that it is irrelevant in that the time period covered by this request pre-dates the effective date of the WTPA and its requirements regarding payroll.

**INTERROGATORY NO. 5:**

4

Identify the payroll processing vendor(s) You have engaged subsequent to the termination of ADP's services under the MSA.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff identifies the following vendor(s) with an engagement continuing after the

termination of ADP's services under the MSA:

Paylocity
1400 American Lane
Schaumburg, IL 60173

**INTERROGATORY NO. 6:**

Identify any hospitality industry trade group or similar organization with which You have communicated regarding either ADP generally or the subject matter of the Complaint specifically.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff objects to this interrogatory on the grounds that it is not limited in time

or in scope and otherwise bears no relevance to the claims and defenses in this lawsuit.

Notwithstanding this objection, Plaintiff had communications about the subject matter

of the complaint generally with the NYC Hospitality Alliance.

**INTERROGATORY NO. 7:**

Identify any attorney affiliated with Fox Rothschild LLP with whom You have discussed in any way either ADP generally or the subject matter of the Complaint specifically.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff objects to this interrogatory on the grounds that it is entirely irrelevant to the

claims and defenses in this lawsuit.

Notwithstanding this objection, Plaintiff identifies the following individuals:

Carolyn D. Richmond, Esq.

5

Glenn S. Grindlinger, Esq.

## INTERROGATORY NO. 8:

Identify any person not affiliated with China Grill who was present during or otherwise participated in any meetings or communications You had with any attorney at Fox Rothschild LLP regarding either ADP generally or the subject matter of the Complaint specifically.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 8:

Plaintiff objects to this interrogatory on the grounds that it is protected by the attorney

client and attorney work-product privilege and otherwise is irrelevant to the claims and

defenses in this lawsuit.

Notwithstanding this objection, Plaintiff identifies the following individuals:

Stephen Sonnenberg
CK Lee

## INTERROGATORY NO. 9:

Identify each and every category of damages You seek in this case. As to each category of damages claimed, (i) state the amount of damages You claim; and (ii) identify all persons with knowledge of facts concerning the calculation of those damages.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 9:

| | |
|---|---|
| Compensatory damages | $ 1,632,817.00 |
| Punitive Damages | In an amount to be determined at trial. |
| Total Damages | In an amount to be determined at trial but believed to exceed $1,6032,817.00 |

The following individuals have knowledge of facts concerning the calculation of those damages:

Neil Faggen
Jeffrey Chodorow
Zach Chodorow
John Polsenberg
Cory Gonzalez

6

## INTERROGATORY NO. 10:

Identify all persons employed by or otherwise affiliated with China Grill who have knowledge of facts concerning the settlement of the James Action.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 10:

Plaintiff objects to this interrogatory on the grounds that it is protected by the attorney

client and work-product privileges and that the phrase "affiliated with" is unclear and subject

to different interpretations.

> Jeff Chodorow
> Zach Chodorow
> Yudy De La Nuez
> Bob Frost

## INTERROGATORY NO. 11:

Identify all persons employed by or otherwise affiliated with China Grill who have knowledge of facts concerning China Grill's receipt of the Bulletin.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 11:

> Yudy De La Nuez
> Cedric Matyres
> Floriana Belanic
> Laura Ackerman
> Natalie Omelchenko
> Alexia Semenyaka
> Liliana Garces

## INTERROGATORY NO. 12:

Identify all persons employed by or otherwise affiliated with China Grill who have knowledge of the factual allegations in the Complaint.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 12:

Plaintiff objects to this interrogatory on the grounds that it is protected by the attorney client and work-product privileges and that the phrase "affiliated with" is unclear and subject to different interpretations.

Notwithstanding this objection, Plaintiff identifies the following individuals: [the below might be over inclusive]

1. John Polsenberg
2. Neil Faggen
3. Jeffrey Chodorow
4. Zach Chodorow
5. Yudy De la Nez
6. Ed Schoenfeld
7. Yashie Vindell
8. Bob Frost
9. Cory Gonzales
10. Donna Pell
11. Andy Wang

## INTERROGATORY NO. 13:

Identify all persons employed by or otherwise affiliated with China Grill who have knowledge of China Grill's obligations as an employer under the WTPA.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 13:

Plaintiff objects to this interrogatory on the grounds that it is protected by the attorney client and work-product privileges and that the phrase "affiliated with" is unclear and subject to different interpretations.

Notwithstanding this objection, Plaintiff identifies the following individuals: John Polsenberg

1. Neil Faggen
2. Jeffrey Chodorow
3. Zach Chodorow
4. Yudy De la Nez
5. Ed Schoenfeld
6. Yashie Vindell
7. Bob Frost
8. Cory Gonzales
9. Donna Pell
10. Andy Wang

## INTERROGATORY NO. 14:

Identify any person You have retained as an expert in this matter and set forth the subject matter of that person's anticipated testimony.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 14:

Plaintiff objects to this interrogatory on the grounds that Plaintiff has not yet retained an expert and the request is premature. Plaintiff will supplement its response to this request at the time required by Fed. R.Civ. P. 26(a)(2)(D) or by any orders issued by the Court in this action. Plaintiff reserves its right to retain an expert to consult with and/or call to testify at trial and to supplement this response as appropriate.

## INTERROGATORY NO. 15:

Identify any persons employed by or otherwise affiliated with IS Chrystie with whom You have communicated regarding either ADP generally or the subject matter of the Complaint specifically. As to each communication, set forth (i) the date(s); and (ii) the individuals who participated in the communication.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 15:

Plaintiff did not communicate with any persons employed by or otherwise affiliated with IS Chrystie regarding either ADP generally or the subject matter of the Complaint specifically.

## INTERROGATORY NO. 16:

Identify each entity who contributed to the Settlement Fund in the James Action and set forth the amount each entity contributed.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 16:

Plaintiff identifies:

9

China Grill Management, Inc. - $1,419,593.15
CGM-LLNR d/b/a Asia De Cuba
CGM EMP LLC d/b/a Ed's Chowder House
CGM EMP RTR LLC d/b/a Empire Hotel Rooftop

CGM-GH LLC
CGM 13 LLC
CGM Yotel NYC LLC d/b/a East and West
China Grill Management 12 E 22 LLC d/b/a Almond
RF Hudson LLC d/b/a Redfarm -  $213,224.23
RF Broadway LLC d/b/a Redfarm


Dated: New York, New York
January 17, 2020

                                        KRAUS & ZUCHLEWSKI LLP


                                        By: _____
                                           Robert D. Kraus, Esq.
                                           60 East 42nd Street, Suite 2534
                                           New York, New York 10165
                                           212-869-4646
                                           rk@kzlaw.net
                                                    *Counsel to Plaintiff*


To:     William S. Gyves
        Randall L. Morrison
        Kelley Drye & Warren LLP
        101 Park Ave
        New York, NY 10178

10