```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
 CHINA GRILL, INC.,                       :
                                          :
                         Plaintiff,       :    19 Civ. 3705 (DLC)
                                          :
             -v-                          :    OPINION AND ORDER
                                          :
 ADP, LLC,                                :
                                          :
                         Defendant.       :
                                          :
-----------------------------------------X
```

APPEARANCES:

For Plaintiff:
Robert David Kraus
Kraus & Zuchlewski LLP
60 East 42nd Street, Suite 2534
New York, NY 10165

For Defendant:
Randall L. Morrison, Jr.
William S. Gyves
Kelley Drye & Warren, LLP (NY)
101 Park Avenue
New York, NY 10178

DENISE COTE, District Judge:

　　　Defendant ADP, LLC ("ADP") provided the restaurant China Grill, Inc. ("China Grill") with payroll services.  China Grill asserts that ADP's defective services triggered the commencement of a class action against China Grill for federal and state labor law violations and seeks recovery of damages sustained from that litigation.  ADP has moved for summary judgment.  ADP's motion is granted.

**Background**

The following facts are undisputed or taken in the light most favorable to China Grill.

I.   The Master Services Agreement

China Grill owned and operated a restaurant in Manhattan from 1987 to early 2017, when it ceased its operations. China Grill was a member of a larger group of restaurants informally referred to as the China Grill Management group ("CGM Group"). These restaurants shared a "commonality of ownership interests" but were separate legal entities. During the period of time relevant to this action, China Grill Management, Inc., a legal entity separate from China Grill, provided accounting, human resources, and other services to China Grill and other members of the CGM Group.

On March 1, 2005, China Grill and ADP entered into a Master Services Agreement (the "MSA"). The MSA refers to China Grill as the Client. Neil Faggen -- China Grill's general counsel –- signed the MSA on behalf of China Grill.

The MSA states in relevant part that "ADP will provide the payroll services specified in Annex Z . . . to the Client in accordance with the terms of this Agreement." The MSA further states under "Use of Services" that the Client "will use the Services only for the internal business purposes of the Client and the Client group." The MSA defines "Client Group" as

2

"Client, Client's majority owned subsidiaries, and affiliates of Client."  Members of the Client Group are enumerated in Annex Z of the MSA.[1]  Finally, the MSA states that "neither ADP nor Client will be responsible for special, indirect, incidental, consequential, or other similar damages (including lost profits) that the other party may incur or experience in connection with this agreement . . . ."

II. The James Class Action

On January 18, 2018, six former employees of entities in the CGM Group initiated a class action entitled James, et al. v. China Grill Management, Inc., et al., 18-cv-455 (LGS) (S.D.N.Y.) (the "James Action").  China Grill was among the twenty named defendants.  The plaintiffs alleged violations of the Fair Labor Standards Act, the New York Labor Law ("NYLL") (including the Wage Theft Prevention Act), and the Florida Minimum Wage Act.  The second cause of action alleged that defendants "operated their business with a policy of not providing proper wage statements as required under the New York Labor Law" and "failed

---

[1] The enumerated members of the Client Group are: China Grill Inc.; 68 W. 58th Street LLC, d/b/a Mix in New York; CG 431 Partners Inc. d/b/a Tuscan Steak; CGM 54 Irving LLC d/b/a Pure Food & Wine; CGM-GH LLC d/b/a Ono; China Grill Management, Inc.; China Grill Management 12 E 22 LLC; China Grill Sobe, Inc.; China Grill-Chicago LLC; China Grill-Las Vegas LLC; China Grill-Las Vegas LLC d/b/a Red White Blue; Red Square-Las Vegas LLC; Red Square NJ LLC; Rumjungle-Las Vegas LLC; Tuscan Steak LLC; and CGM-HAC LLC.

3

to satisfy the wage statements requirements under the NYLL because such tip credit allowance was never clearly included in wage statements to tipped employees for each payment period."

After mediation, a Settlement Agreement and Release was entered on September 24, 2018.  Mr. Faggen signed the Settlement Agreement on behalf of China Grill.  Plaintiffs agreed to resolve the action in return for a payment of $1.2 million.  By June 10, 2019, China Grill Management, Inc. had wired a total of $1,262,238.41 to the Settlement Fund established for the James Action.  China Grill, which had gone out of business in 2017, did not contribute to the settlement,[2] defendants' legal fees, or the mediator's fee.

   III.  China Grill's Action Against ADP

After the settlement of the James Action, China Grill brought suit against ADP to recover the costs of settling the James Action.  China Grill commenced this lawsuit on March 28, 2019 in New York Supreme Court, and ADP removed the case to federal court on April 25, 2019 based on the existence of diversity jurisdiction.  China Grill asserted in its complaint

---

[2] The following ten entities contributed to the Settlement Fund in the James Action, each of which is a member of the CGM Group: (1) China Grill Management, Inc.; (2) CGM-LLNR d/b/a Asia De Cuba; (3) CGM EMP LLC d/b/a Ed's Chowder House; (4) CGM EMP RTR LLC d/b/a Empire Hotel Rooftop; (5) CGM-GH LLC; (6) CGM 13 LLC; (7) CGM Yotel NYC LLC d/b/a East and West; (8) China Grill Management 12 E 22 LLC d/b/a Almond; (9) RF Hudson LLC d/b/a Redfarm; and (10) RF Broadway LLC d/b/a Redfarm.

4

that ADP breached the MSA by failing to "ensure that its payroll services complied with all legal and regulatory requirements." The complaint requested at least two million dollars in compensatory damages stemming from the settlement in the James Action, as well as China Grill's costs associated with litigating the James Action and the present case.

On May 2, 2019, ADP moved to dismiss the complaint. On the same day, this Court entered an order allowing China Grill to file an amended complaint and stating, "[i]t is unlikely that plaintiff will have a further opportunity amend." China Grill filed an amended complaint ("FAC") on May 24, 2019. The FAC alleged breach of contract, negligence, and breach of the implied covenant of good faith and fair dealing based on ADP's alleged failure to prepare wage statements in compliance with the New York Wage Theft Prevention Act and other wage and hour laws, all of which caused China Grill to sustain damages in connection with the James Action. The FAC alleged the same damages as the complaint.

On June 7, ADP filed a motion to dismiss the second and third claims in the FAC, and on July 1, China Grill voluntarily dismissed those claims. Following a conference with this Court, a Pretrial Scheduling Order was issued on July 26, which set a deadline of August 9, 2019 for the joinder of parties and amendment of the pleadings. The parties were granted extensions

of discovery and summary judgment deadlines on December 13, 2019 and March 19, 2020, respectively.  At no point did the parties request or receive an extension of the August 9, 2019 deadline for joining parties or filing amended pleadings.

On June 19, 2020, following the conclusion of discovery, ADP filed this motion for summary judgment on China Grill's breach of contract claim.  ADP primarily argued that China Grill could not recover in damages any of the costs associated with the litigation or settlement of the James Action because it had not borne those costs.

On July 31, China Grill filed its opposition to ADP's motion for summary judgment and changed its theory of damages, arguing that it was entitled to recover in direct damages the fees it had paid ADP pursuant to the MSA.  China Grill further argued that it was entitled to recover costs associated with the James Action on behalf of the entities that incurred those costs.  To assist in that latter argument, China Grill filed a notice of motion to join as plaintiffs those entities that had incurred the costs associated with the James Action and to add a claim for breach of an implied contract.  Those plaintiffs included members of the Client Group listed in the MSA and

6

several other entities that China Grill alleges ADP treated as part of the Client Group (the "Implied Client Group").[3]

Accordingly, in its brief in opposition to summary judgment, China Grill argued in support of its request to amend and in favor of remand. If the additional plaintiffs were joined to this action, there would no longer be complete diversity. The motion for summary judgment was fully submitted on August 28, and the cross motion to amend and remand was fully submitted on September 18.[4]

## Discussion

I. Motion for Summary Judgment on Breach of Contract Claim

Summary judgment may not be granted unless all of the submissions taken together "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Smith v. Cty. of Suffolk, 776 F.3d 114, 121 (2d Cir.

---

[3] The Implied Client Group includes RF Broadway, LLC, RF Hudson, LLC, CGM-LLNR LLC, and CG Brickell, LLC.

[4] ADP argues in a letter of September 20 that China Grill has improperly filed a sur-reply on ADP's motion for summary judgment by including certain arguments opposing summary judgment in its Reply Memorandum of Law in Further Support of Cross-Motion. ADP is correct, but consideration of those arguments does not alter the outcome here.

2015) (citation omitted).  "Where, as here, the party opposing summary judgment bears the burden of proof at trial, summary judgment should be granted if the moving party can point to an absence of evidence to support an essential element of the nonmoving party's claim."  Gemmink v. Jay Peak Inc., 807 F.3d 46, 48 (2d Cir. 2015) (citation omitted).  In making this determination, the court "draws all inferences in favor of the nonmoving party."  Id.

Once the moving party has asserted facts demonstrating that the non-movant's claims cannot be sustained, the opposing party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact."  Id.  "[T]he party opposing summary judgment may not merely rest on the allegations or denials of his pleading; rather his response, by affidavits or otherwise as provided in the Rule, must set forth specific facts demonstrating that there is a genuine issue for trial."  Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009) (citation omitted).  "[C]onclusory statements, conjecture, and inadmissible evidence are insufficient to defeat summary judgment."  Ridinger v. Dow Jones & Co. Inc., 651 F.3d 309, 317 (2d Cir. 2011) (citation omitted).  Only disputes over material facts preclude the entry of summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  "An issue of fact is genuine and material if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." Cross Commerce Media, Inc. v. Collective, Inc., 841 F.3d 155, 162 (2d Cir. 2016).

In the FAC, China Grill asserts a breach of contract claim based on ADP's failure to provide payroll services to China Grill as agreed upon in the MSA.  China Grill alleges that the wage and hour statements prepared by ADP failed to comply with applicable wage and hours laws and that, as a result, China Grill suffered damages in the form of costs associated with the James Action.  ADP moves for summary judgment, principally on the ground that China Grill did not contribute to the James Action settlement or fees and therefore did not suffer any damages.

The elements of a breach of contract action in New Jersey are well-established.[5]  They are (1) the existence of a valid and binding contract; (2) adequate performance of the contract by the plaintiff; (3) breach of contract by the defendant; (4) damages to the plaintiff caused by the defendant's breach of the contract.  Woytas v. Greenwood Tree Experts, Inc., 237 N.J. 501,

---

[5] Pursuant to § 9.11 of the MSA, New Jersey law governs this dispute.

9

512 (2019).  For purposes of this motion, ADP focuses mainly on the fourth element.[6]

Under New Jersey law, the party asserting the breach of contract claim "ha[s] the burden of proof to establish all elements of its cause of action, including damages."  Cumberland Cty. Improvement Auth. v. GSP Recycling Co., 358 N.J. Super. 484, 503 (App. Div. 2003).  "[W]hen the party alleging a breach of contract fails to present evidence which tends to demonstrate reasonably certain and definite consequences of such a breach, the opposing party is entitled to judgment."  Tannock v. New Jersey Bell Tel. Co., 223 N.J. Super. 1, 8, (App. Div. 1988).  A plaintiff must prove that it in fact sustained damages.  Id.

Because it is undisputed that China Grill did not contribute to the Settlement Fund, the mediation, and attorneys' fees in the James Action, or even the attorneys' fees in the instant case, China Grill has not demonstrated that it suffered damages from ADP's alleged breach of contract.  ADP has therefore shown that it is entitled to summary judgment based on China Grill's failure to offer evidence that it was damaged by any breach of the MSA by ADP.

---

[6] ADP also argues that China Grill is unable to prove that ADP breached the contract with respect to 99.75% of the class members in the James Action.

10

China Grill opposes this motion for summary judgment with several arguments.  First, it asserts a new theory of damages.  It seeks recovery of the fees it paid to ADP for payroll services.

Neither the complaint nor the FAC set forth this theory of damages.  Similarly, China Grill's initial disclosures, answers to interrogatories, and responses to document demands described the costs associated with the James Action; they did not identify ADP's fees as the damages being sought.  During discovery, China Grill's Rule 30(b)(6) witness also explained that the damages it seeks through this litigation are the costs associated with the litigation and settlement of the James Action.  He enumerated those damages in detail.

A party may not use its opposition to a dispositive motion to effectively amend the complaint.  Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998).  China Grill did not set forth its theory of "direct damages" in the form of ADP's fees until its opposition to ADP's motion for summary judgment.  ADP engaged in extensive discovery aimed at preparing its defense to a claim of damages incurred as a result of the James Action.  Allowing this material shift in the plaintiff's theory of damages at this stage of the litigation would significantly prejudice ADP.

11

China Grill next opposes summary judgment on the ground that, as the sole signatory to the MSA, it has standing to sue to enforce the rights of both the Client Group and Implied Client Group.  It explains that members of the Client Group and Implied Group were beneficiaries of the MSA and paid fees to ADP for payroll services ADP delivered pursuant to the MSA.

While members of the Client Group and Implied Client Group may be third-party beneficiaries under the MSA and entitled to sue ADP for a breach of the MSA, see Ross v. Lowitz, 222 N.J. 494, 513 (2015), they are not plaintiffs here and China Grill may not recover damages on their behalf.  China Grill, as the sole plaintiff, must present evidence of damages to itself.  See Tannock, 223 N.J. Super. at 8.  China Grill may not recover damages incurred by entities that are not parties to this action.  See Stubaus v. Whitman, 339 N.J. Super. 38, 51 (App. Div. 2001).

II.  Cross Motion to Amend

China Grill moves to file a Second Amended Complaint joining members of the "Client Group" and "Implied Client Group" as plaintiffs and adding an implied breach of contract claim on behalf of the Implied Client Group.  It brings this motion pursuant to Rule 15(a)(2), Fed. R. Civ. P.  China Grill's motion to amend and join additional plaintiffs is denied as untimely, unsupported by good cause, and futile.

A scheduling order set a deadline of August 9, 2019 for the joinder of additional parties or amendment of pleadings. As a consequence, Rule 16 and not Rule 15 provides the standard for review of China Grill's motion.

Rule 16 allows a schedule set by a court to be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16. "[A] district court . . . does not abuse its discretion in denying leave to amend the pleadings where the moving party has failed to establish good cause, as required by Rule 16(b), to amend the pleadings after the deadline set in the scheduling order." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 243 (2d Cir. 2007). "Whether good cause exists turns on the diligence of the moving party." BPP Illinois, LLC v. Royal Bank of Scotland Grp. PLC, 859 F.3d 188, 195 (2d Cir. 2017) (citation omitted).

China Grill has not demonstrated good cause for its failure to comply with the August 9, 2019 deadline to amend the pleadings and join parties. China Grill's motion comes after the completion of discovery. It was not filed until it was time to oppose ADP's motion for summary judgment and had become clear that China Grill had not sustained the damages on which it had pursued this litigation.

China Grill's motion for amendment does not address the Rule 16 good cause standard or argue that it has been diligent

13

in making this application.  In its reply to ADP's opposition to this application, China Grill supplies a mere three paragraphs explaining why good cause exists.[7]

China Grill argues that the parties' efforts to mediate the instant lawsuit resulted in discovery being "placed on hold pending the results of mediation."  China Grill further notes that it engaged in timely discovery.  Neither of these arguments explains the delay in this application to join additional parties.  China Grill had ample time and opportunity to amend its pleading and to join parties.  It knew who had paid the costs associated with the James Action and that it had not contributed to those payments.  Indeed, the Order on May 2, 2019 placed China Grill on notice that it was "unlikely" that China Grill would have a further opportunity to amend.  In response, China Grill filed the FAC without joining any additional plaintiffs.

In any event, the addition of the entities that contributed to the settlement in the James Action as plaintiffs would be futile to the extent China Grill seeks by their addition to recover those costs.  The MSA bars consequential damages.

The MSA states that "neither ADP nor Client will be responsible for special, indirect, incidental, consequential or

---

[7] Arguments presented for the first time in reply may be ignored. Patterson v. Balsamico, 440 F.3d 104, 113 n.5 (2d Cir. 2006).

14

other similar damages . . . that the other party may incur or experience in connection with this agreement . . . ." Under New Jersey law, "[c]onsequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." N.J. Stat. Ann. § 12A:2-719(3). A settlement payment "falls within the category of consequential damages." Polidori v. Kordys, Puzio & Di Tomasso, AIA, 217 N.J. Super. 424, 436 (App. Div. 1987). See also Taddei v. State Farm Indem. Co., 401 N.J. Super. 449, 461 (App. Div. 2008) (consequential damages typically include costs of litigation and counsel fees).

China Grill agrees that the costs incurred in litigating and settling the James Action, which it has sought as damages here, constitute consequential damages. It also agrees that the MSA bars China Grill from recovering such consequential damages.[8] China Grill argues, however, that the damages-limitation clause in the MSA does not limit the ability of entities in the Client Group or the Implied Client Group to recover such damages. It is wrong. A third-party beneficiary is not entitled to more rights than the contracting party. See United Steelworkers of Am., AFL-CIO-CLC v. Rawson, 495 U.S. 362, 375 (1990); Allgor v.

---

[8] China Grill's recent concession that the MSA bars its recovery of consequential damages, including the costs associated with the litigation and settlement of the James Action, is in notable tension with the FAC, in which China Grill brought suit in its own name pursuant to the MSA to recover those damages.

15

Travelers Ins. Co., 280 N.J. Super. 254, 261 (App. Div. 1995). As a result, no beneficiary of the MSA may recover consequential damages flowing from the James Action.

## CONCLUSION

ADP's motion for summary judgment is granted. China Grill's cross motion to amend and remand is denied. The Clerk of Court shall close the case.

Dated:   New York, New York
         October 20, 2020

```
                              _____
                                     DENISE COTE
                              United States District Judge
```